UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAUDIO AMAURIZ NUNEZ POLANCO,

             Plaintiff,

-against-

SUPERINTENDENT MICHAEL CAPRA;
F.H.S.D. RAZIA FERDOUS; C.O. SUAREZ;
C.O. MAISON; P.A. MUTHA; SST PAVEL;
SST MITCHELL; C.O. DE LA ROSA; C.O.
COLLINS; C.O. GUZMAN; C.O. ROSA,

             Defendants.

22-CV-4475 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is incarcerated at Great Meadow Correctional Facility, is proceeding *pro se* and *in forma pauperis* (IFP). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights during his incarceration in Sing Sing Correctional Facility, from October 2021 through April 2022. By order dated June 30, 2022, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on February 2, 2023, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND

      The following facts are gleaned from the original complaint, which is handwritten and at times indecipherable and illogical. In May 2021, Plaintiff tested positive for HIV, but in October 2021, another HIV test came back negative. Plaintiff wrote to Sing Sing Superintendent Michael Capra seeking treatment for HIV, but Capra never responded. (ECF 1 ¶ V.) After Plaintiff called "Albany" to complain, Capra put out a "hit" on Plaintiff to have him killed. (Cite) Plaintiff appears to assert that, in March 2022, he was shot twice, and Correctional Officers Suarez,

Maison, Collins, Pavel, and an unidentified John Doe officer entered Plaintiff's cell and tried to kill him. (*Id.*) Officers Suarez and Guzman gave a porter a "weapon, gun, knife, hammer, gasoline, key to the cell door" so that he could kill Plaintiff. (*Id.*) On April 19, 2022, Capra "use[d] Suarez and Maison" to "send 4 inmates" to jump him, beat him, and spray something in his eyes. (*Id.*) Suarez "made" Plaintiff blind, and it took "50 minutes" for Plaintiff to receive any treatment for his eyes. Once in the hospital, three police officers beat Plaintiff and tried to put him in the "store room" to kill him after "5 pm medication." (*Id.*) P.A. Martin tried to put "COVID-19 in" Plaintiff's body, possibly by using an unsterilized thermometer or other type of medical equipment. Sgt. Brook sent someone to hit him in the mess hall. On April 7, 2022, two officers and another individual kidnapped Plaintiff, put him in "P.S.U.," and poisoned his food. (*Id.*) Plaintiff was subjected to "sadistic treatment," poisoned and starved, and suffered black eyes, a broken finger, and damage to his liver. (*Id.*) Plaintiff seeks to be sent to an outside hospital for medical treatment. (*Id.* ¶ IV.)

By order dated January 3, 2023, the Court directed Plaintiff to file an amended complaint to address deficiencies in the original complaint. Specifically, the Court determined that the complaint: (1) did not comply with Federal Rules of Civil Procedure 8, 18, and 20, because: (a) it did not contain a short and plain statement showing Plaintiff's entitlement to relief from Defendants; and (b) included claims that were improperly joined; and (2) did not suggest any viable Section 1983 claims, because there were insufficient facts showing: (a) how each defendant was personally involved in violating Plaintiff's rights; and (b) did not contain facts showing that Defendants had been deliberately indifferent to his health and safety; and (3) set forth facts occurring at other correctional facilities not located within this District. (ECF 15.)

## DISCUSSION

**A.    Section 1983 Claims**

Plaintiff's amended complaint is substantially similar to his original complaint. Plaintiff reiterates his claims about being shot, poisoned, and subjected to sadistic treatment, and denied treatment for conditions from which he does not appear to have suffered. Plaintiff seeks medical treatment, and may again be referring to events occurring at Great Meadow, where he is currently incarcerated.[1] Because the amended complaint does not add anything to the claims that the Court already deemed insufficient, the amended complaint is dismissed for the same reasons set forth in the January 23, 2023 order.

**B.    State-Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

---

[1] Plaintiff seeks outside medical treatment, but he is no longer in custody at Sing Sing. Plaintiff is currently incarcerated in Great Meadow Correctional Facility, which is located in Comstock, New York, in Washington County. As the Court discussed in its prior order, Great Meadow is located within the Northern District of New York. *See* 28 U.S.C. § 112(a). To the extent Plaintiff is seeking medical treatment, he is advised to pursue relief by filing a complaint in the United States District Court for the Northern District of New York.

district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## FURTHER LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of Plaintiff's state-law claims and dismisses these claims without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   February 27, 2023
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge